WRAY, Dir., Appellee,

v.

POLSTON et al., Appellants.

[Cite as *Wray v. Polston* (1998), 128 Ohio App.3d 266.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16703.

Decided June 12, 1998.

*Betty D. Montgomery,* Attorney General, *Halstead L. Stettler* and *Pamela J. Vest,* Assistant Attorneys General, Transportation Section, for appellee.

*Laurence A. Lasky,* for appellants.

FAIN, Judge.

Defendants-appellants McKinley and Anna Polston appeal from a judgment awarding them $87,000 for the value of their property taken by the state for a highway project. The Polstons contend that their constitutional rights were violated by the statutes and regulations implementing Ohio's Relocation Assistance Program. They are offended by the fact that, under the program, the amount by which their award of compensation, in the related appropriation action, exceeds the state's appraisal, is offset against the amount of any relocation assistance administratively awarded to them.

We understand, and are sympathetic to, the Polstons' argument that this offset infringes upon their constitutional rights to due process and to the equal protection of the laws. Nevertheless, we agree with the state that any error worked by the unconstitutionality of this scheme lies in the award of relocation assistance, or the failure to award relocation assistance, and not in the award of compensation for property taken, from which this appeal has been taken. Accordingly, the judgment of the trial court is affirmed.

I

The state desired to appropriate 1.019 acres of the Polstons' property in order to complete the construction of a planned road. The appropriation leaves 0.669 acres landlocked, without any means of ingress and egress, and therefore unusable. The state appraised the value of the property being appropriated as $66,000. The Polstons were not satisfied with this appraisal, and the state brought this action to appropriate the Polstons' property.

Following a jury trial, the Polstons were awarded $97,000 as the value of their property taken by the state, and judgment was entered accordingly. From the judgment of the trial court, the Polstons appeal.

II

The Polstons' sole assignment of error is as follows:

"The legislative scheme whereby a duly empaneled jury decides the fair market value of appropriated property while the government agency determines the amount, if any, of moving and relocation expenses results in a taking of a displaced person's property which violates the person's constitutional right to a trial by jury and due process."

Essentially, the Polstons are complaining because, pursuant to the statute and regulations implementing the Ohio Relocation Assistance Program, set forth in R.C. 163.51 *et seq.* and Ohio Adm.Code Chapter 5501.2–5, the amount of any relocation assistance that they receive pursuant to that program is offset by the amount by which their award of compensation, in the related appropriation action, exceeds the state's appraisal. In their case, their award of compensation, $97,000 exceeded the state's appraisal, $66,000, by $31,000, more than offsetting the relocation award. Therefore, the Polstons complain, they have in effect been penalized for exercising their constitutional right to be awarded the fair market value of their property being appropriated because the result is that the state offsets the amount of their victory against the relocation award.

We are sympathetic to this argument. In our view, there is a serious equal protection problem. Consider two couples, otherwise identically situated, but the first couple elects to acquiescence in the state's appraisal of the value of their property, whereas the second couple decides to exercise their constitutional right to have a jury determine the fair market value of their property. The second couple receives substantially less relocation assistance, merely because they chose to exercise their constitutional right. We can see that this would be very hard to justify under any equal protection analysis.

Nevertheless, the injury is in the offset to the relocation assistance award. The Polstons can point to no error in the award of compensation from which this appeal has been taken.

We agree with the state that the proper forum in which to test the constitutionality of the offset to the relocation assistance award would be in an administrative appeal from that award or from the failure to make a relocation assistance award.

The determination of the relocation assistance award formed no part of the judgment from which this appeal has been taken. Therefore, any error in the calculation of the relocation assistance award is not within the scope of our appellate review of the appropriation award.

The Polstons' sole assignment of error is overruled.

## III

The Polstons' sole assignment of error having been overruled, we affirm the judgment of the trial court.

*Judgment affirmed.*

BROGAN and GRADY, JJ., concur.